1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

7    ROSA MARIA CASTRO,

8              Plaintiff,                          No.  1:16-cv-03123-RHW

9         v.

10   NANCY A. BERRYHILL                            **ORDER GRANTING
     (PREVIOUSLY COLVIN),                          DEFENDANT'S MOTION FOR
11   Acting Commissioner of Social                 SUMMARY JUDGMENT**
     Security,[1]
12

13             Defendant.

14        Before the Court are the parties' cross-motions for summary judgment, ECF

15   Nos. 14 & 21. Plaintiff Rosa Maria Castro brings this action seeking judicial

16   review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision,

17   which denied her application for Supplemental Security Income under Title II of

18   the Social Security Act, 42 U.S.C. § 401-434.  After reviewing the administrative

19   _____
     [1] Nancy A. Berryhill became the Acting Commissioner of Social Security on
     January 20, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil
20   Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the
     defendant in this suit. No further action need be taken to continue this
     suit. 42 U.S.C. § 405(g).

     **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
     JUDGMENT ~ 1**

record and briefs filed by the parties, the Court is now fully informed. For the

reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary

Judgment.

## I.    Jurisdiction

Ms. Castro filed her application for disability and disability insurance

benefits on October 19, 2012. AR 271.  Her alleged onset date is September 9,

2011. *Id*. Her application was initially denied on June 10, 2013, AR 106-112, and

on reconsideration on September 24, 2013, AR 113-117.

Administrative Law Judge ("ALJ") Tom L. Morris held a hearing on

December 11, 2014. AR 30-75. On February 27, 2015, the ALJ issued a decision

finding Ms. Castro ineligible for disability benefits. AR 12-24. The Appeals

Council denied Ms. Castro's request for review on April 28, 2016, AR 1-5, making

the ALJ's ruling the "final decision" of the Commissioner.

Ms. Castro timely filed the present action challenging the denial of benefits

on June 23, 2016. ECF No. 4. Accordingly, Ms. Castro's claims are properly

before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

1   can be expected to last for a continuous period of not less than twelve months." 42

2   U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be

3   under a disability only if the claimant's impairments are of such severity that the

4   claimant is not only unable to do his previous work, but cannot, considering

5   claimant's age, education, and work experience, engage in any other substantial

6   gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

7   1382c(a)(3)(B).

8          The Commissioner has established a five-step sequential evaluation process

9   for determining whether a claimant is disabled within the meaning of the Social

10  Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.*

11  *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

12         Step one inquires whether the claimant is presently engaged in "substantial

13  gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful

14  activity is defined as significant physical or mental activities done or usually done

15  for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

16  substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

17  404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

18         Step two asks whether the claimant has a severe impairment, or combination

19  of impairments, that significantly limits the claimant's physical or mental ability to

20  do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 &

416.908-09.  If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are

required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe

impairments "meets or equals" one of the listed impairments acknowledged by the

Commissioner to be sufficiently severe as to preclude substantial gainful activity.

20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926;

20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or

equals one of the listed impairments, the claimant is *per se* disabled and qualifies

for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to

the fourth step.

Step four examines whether the claimant's residual functional capacity

enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f)

& 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant

is not entitled to disability benefits and the inquiry ends.  *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is

able to perform other work in the national economy, taking into account the

claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

burden, the Commissioner must establish that (1) the claimant is capable of

performing other work; and (2) such work exists in "significant numbers in the

national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed

by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

Commissioner's decision will be disturbed "only if it is not supported by

substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,

1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

a mere scintilla but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

whether the Commissioner's findings are supported by substantial evidence, "a

reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

F.2d 498, 501 (9th Cir. 1989)).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5**

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").  Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

Ms. Castro was born in 1962 and has at least a high school education. AR 22-23. She has previous work experience as a billing clerk, food sales clerk, receptionist, and teller. AR 22.

Ms. Castro alleges that she is unable to maintain competitive employment on a consistent basis due to severe headaches, fibromyalgia, back pain, and bilateral shoulder impingement. ECF No. 14 at 2.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

## V.    The ALJ's Findings

The ALJ determined that Ms. Castro was not under a disability within the meaning of the Act from September 9, 2011, through the date of the decision. AR 24.

**At step one**, the ALJ found that Ms. Castro had not engaged in substantial gainful activity since September 9, 2011, her alleged onset date (citing 20 C.F.R. §§ 404.1571 *et seq*.). AR 14.

**At step two**, the ALJ found Ms. Castro had the following severe impairments: headache disorder status post aneurysm; disorders of muscles, ligament, and fascia; and bilateral shoulder impingement. (citing 20 C.F.R. §§ 404.1520(c)). AR 14-18.

At **step three**, the ALJ found that Ms. Castro did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 18.

At **step four**, the ALJ found Ms. Castro had the following residual functional capacity:  She can perform light work, "including the ability to lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk (with normal breaks) for a total of about four hours in an eight-hour workday, and sit (with normal breaks) for a total of about six hours in an eight-hour workday. She can perform occasional overhead bilateral reaching. She should

1  avoid concentrated exposure to hazards (dangerous machinery unprotected heights,

2  etc.). In order to accommodate symptoms from headaches, she should avoid fast-

3  paced work, defined as constant activity performed sequentially and in rapid

4  succession." AR 18-22.

5       The ALJ determined that Ms. Castro is capable of performing her past

6  relevant work as a receptionist and bank teller because these positions do not

7  require the performance of work-related activities precluded by her residual

8  functional capacity. AR 22-23.

9       In the alternative, at **step five**, the ALJ found that in light of her age,

10  education, work experience, and residual functional capacity, there are jobs in

11  addition to her past relevant work that Ms. Castro can perform. AR 22-23. The

12  ALJ found that if limited to an unskilled light occupation, Ms. Castro could

13  perform work as a storage facility rental clerk and furniture rental consultant, both

14  jobs available in sufficient numbers within the national economy. *Id*.

## VI.    Issues for Review

16       Ms. Castro argues that the Commissioner's decision is not free of legal error

17  and not supported by substantial evidence. Specifically, she argues the ALJ erred

18  by: (1) rejecting Ms. Castro's depression as groundless as step two; (2) improperly

19  rejecting the opinions of Ms. Castro's medical providers, specifically Drs. Vickers

20  and Toews; (3) improperly rejecting Ms. Castro's subjective complaints; and (4)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

1  failing to conduct an adequate analysis at steps four and five of the sequential

2  evaluation process. ECF No. 14 at 6.

3  ### VII.   Discussion

4  **A. The ALJ did not err at step two.**

5      At step two in the five-step sequential evaluation for Social Security cases,

6  the ALJ must determine whether a claimant has a medically severe impairment or

7  combination of impairments. An impairment is found to be not severe "when

8  medical evidence establishes only a slight abnormality or a combination of slight

9  abnormalities which would have no more than a minimal effect on an individual's

10  ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting

11  SSR 85-28). Step two is generally "a de minimis screening device [used] to

12  dispose of groundless claims," and the ALJ is permitted to find a claimant lacks a

13  medically severe impairment only when the conclusion is clearly established by the

14  record. *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v.*

15  *Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

16      Under step 2, an impairment is not severe if it does not significantly limit a

17  claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d

18  1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). These include the

19  ability to respond appropriately to supervision, co-workers, and usual work

20  situations. Id. (citing 20 C.F.R. § 404.1521(b)(5)).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

Ms. Castro points to the limitations set forth by Dr. Joseph Vickers, M.D., her treating physician, as evidence that her depression significantly limited her ability to work. AR 14 at 10. The ALJ, however, properly gave little weight to Dr. Vickers's opinion for the reasons set forth in the following section of this order. *See infra* at 12-14. The ALJ instead relied on the remainder of the record, which does not demonstrate significant limitation caused by her depression. AR 16-18. The ALJ pointed to the substantial unreliability of Ms. Castro's objective testing with Dr. Loews, her ability to work part-time as a bank teller, and her fully independent activities of daily living. AR 16-17.  Further, the ALJ relied on the opinions of the state agency psychological consultants who reviewed the records and concluded any psychological limitations were mild. AR 17, 94-95.

The record supports the ALJ's conclusion that Ms. Castro's depression is not a severe impairment. For example, Ms. Castro lives alone and is fully independent in her activities of daily living. AR 17. Despite mild difficulties with concentration, persistence, and pace, the ALJ noted that Ms. Castro not only remained at her job as a teller, but she had received a bonus in the relevant time period. AR 18. Additionally, Ms. Castro demonstrated very mild social functioning limitations, as she was active with her church and family, had no problems with shopping in public, and continued to work in a position that required public contact. AR 18.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

The ALJ provided a well-reasoned explanation for his finding at step two, and the Court determines no error.

**B. The ALJ properly evaluated the medical evidence, including the opinions of Drs. Vickers and Loews.**

**1.  Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

1  stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

2  F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating

3  provider's opinion on a psychological impairment, the ALJ must offer more than

4  his or her own conclusions and explain why he or she, as opposed to the provider,

5  is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

6  **2. Dr. Joseph Vickers, M.D.**

7  Dr. Vickers was Ms. Castro's primary care physician and had a long-term

8  treatment relationship with her. AR 430-62, 521-28. Nevertheless, the ALJ gave

9  little weight to these opinions because the treatment records do not contain

10  objective findings in examinations that support the assessed limitations, and the

11  overall record for all sources do not support the opinions of Dr. Vickers. AR 21-22.

12  An ALJ may properly discredit a doctor's opinion if it is contradicted by

13  objective evidence or other findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

14  Cir. 2005). In particular, Dr. Vickers's December 11, 2013, medical report opining

15  that Ms. Castro is unable to work is unsupported by the record.

16  In many cases, the only notations in Dr. Vickers's records that show

17  disabling limitations result directly from Ms. Castro's subjective complaints of

18  pain. It is not error for an ALJ to discount opinions of a physician that are based

19  "to a large extent" on self-reported complaints that have been properly discounted

20  as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see infra*

15-17. At her visit on February 15, 2013, there were no clinical findings of impairment. AR 433. Dr. Vickers even noted that testing was not helpful with regard to Ms. Castro's chronic recurrent flareups of lumbago. *Id.* Likewise, at her visit on February 1, 2013, Dr. Vickers noted no effusion or point tenderness on exam, despite Ms. Castro's allegations of severe pain. AR 434. The same occurred at Ms. Castro's visit on July 16, 2013, in which she reported severe hip and back pain, Dr. Vickers found good hip range of motion and nontender points on examination. AR 521-22. These are but a few of several instances of mild or benign findings on examination.

Dr. Vickers's opinions were also not confirmed by other sources in the record. In September 2012, he noted that the pain clinic at Virginia Mason did not feel that Ms. Castro fit the criteria for fibromyalgia. AR 443. Nevertheless, Dr. Vickers asserted the following month that fibromyalgia was "the closest diagnosis," despite "inconclusive" rheumatological studies and evaluation. AR 442.

The only area in which there are observations (wincing, sunglasses) that support Ms. Castro's allegations are related to her migraine headaches. *See, e.g.* AR 436-37. Limitations stemming from her migraines, however, are accounted for in the residual functional capacity. AR 18. Thus, any error for rejecting the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

observations of Dr. Vickers with relation to migraine headaches would be harmless.

The ALJ provided multiple specific, legitimate reasons that are supported by the record, and the Court does not find error.

**3. Dr. Jay Toews, Ed.D.**

Dr. Toews performed a consultative examination of Ms. Castro on May 20, 2013. AR 506. Dr. Toews assessed mild limitations in interactions with co-workers and the ability to deal with usual work stressors, but mild to moderate limitations in the ability to work full time due to physical conditions, specifically fatigue and chronic headache pain. AR 510.

Included in his examination were several mental functioning tests. AR 508-10, 513-17. Numerous inconsistencies were identified in the test results, and Dr. Toews noted some were "consistent with motivation to embellish memory errors." AR 508. In fact, Dr. Toews found Ms. Castro's performance on almost every test to be unreliable. AR 508-09.

The ALJ gave little weight to Dr. Toews's assessment of Ms. Castro's ability to work full time because the limitations were based on physical, not mental, limitations and because of the unreliability of Ms. Castro's test scores. AR 17.  The Court finds these to be specific, legitimate reasons that are supported by the record.

1    Dr. Toews believed Ms. Castro's physical limitations would preclude her

2    ability to work full time, an area that is beyond his expertise as a mental health

3    professional. *See* 20 C.F.R. § 404.1527(c)(2)(ii) (while considered, less weight will

4    be given to providers speaking outside of their area of expertise). More

5    importantly, however, Ms. Castro could not be a valid source of subjective

6    information, such as fatigue and pain, because her unreliable performance on

7    testing significantly undercut her credibility. Ms. Castro argues that Dr. Toews

8    factored the inconsistent test results into his overall opinion, ECF No. 14 at 12, but

9    this is nothing more than an alternative interpretation of the ALJ's evaluation of

10   Dr. Toews's opinion. The Court will not reverse the ALJ's finding because the

11   record "is susceptible to more than one rational interpretation [that is] . . .

12   supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at

13   1111.

14   **C.  The ALJ properly evaluated Ms. Castro's credibility.**

15   An ALJ engages in a two-step analysis to determine whether a claimant's

16   testimony regarding subjective symptoms is credible.  *Tommasetti,* 533 F.3d at

17   1039. First, the claimant must produce objective medical evidence of an underlying

18   impairment or impairments that could reasonably be expected to produce some

19   degree of the symptoms alleged.  *Id.* Second, if the claimant meets this threshold,

20   and there is no affirmative evidence suggesting malingering, "the ALJ can reject

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**

1   the claimant's testimony about the severity of [his] symptoms only by offering

2   specific, clear, and convincing reasons for doing so." *Id.*

3        In this case, there is affirmative evidence of malingering. Almost every test

4   performed by Dr. Toews showed inconsistent and unreliable results. AR 508-10.

5   The presence of malingering is not overcome simply because other doctors did not

6   also identify it. This affirmative evidence alone is sufficient to support a negative

7   credibility determination. *See Benton ex. el. Benton v. Barnhart,* 331 F.3d 1030,

8   1040 (9th Cir.2003) (finding of affirmative evidence of malingering will support a

9   rejection of a claimant's testimony).

10       Further, in addition to identifying malingering, the ALJ provided other

11  specific, clear, and convincing reasons to reject Ms. Castro's credibility. AR 19-20.

12  She ignored multiple doctors' recommendation that exercise would improve her

13  symptoms. AR 346, 352, 443, 449. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

14  1989) ("[I]nadequately explained failure to seek treatment . . . can cast doubt on

15  the sincerity of [a] claimant's [] testimony.") Ms. Castro was able to continue her

16  work as a teller for at least four hours, which does not support that her symptoms

17  as severe as she alleges. AR 20. *See, e.g., Gregory v. Bowen*, 844 F.2d 664, 666-67

18  (9th Cir. 1988) (a claimant's ability to continue working despite impairments tend

19  to support a finding the impairments are not disabling). The ALJ also noted

20  inconsistencies between her statements and the record regarding her headaches.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16

1    For example, despite stating her pain level was an 8 of 10 at an emergency room

2    visit in December 2012, the treating physician noted that she did not appear in

3    "apparent distress." AR 380. Finally, the ALJ noted that Ms. Castro herself stated

4    that medication helped her symptoms. AR 335. *See Tommasetti*, 533 F.3d at 1040

5    (ALJ may consider a claimant's response to treatment in finding disability). These

6    all constitute legally sufficient reasons supported by the record for the ALJ's

7    credibility determination, in addition to the affirmative evidence of malingering.

8       **D. The ALJ did not fail to conduct a proper assessment at steps four and**

9          **five of the sequential evaluation process.**

10        Ms. Castro attempts to reargue the same issues in her challenge to the ALJ's

11    step four finding that she was able to return to her past relevant work and the

12    ALJ's step five finding that there were alternative jobs available. Ms. Castro bases

13    her argument on the hypothetical posed to the vocational expert, which she asserts

14    was incomplete. ECF No. 14 at 16-17.  Specifically, she challenges the failure to

15    include the limitations from Dr. Vickers; however, the Court has already found no

16    error in the ALJ's treatment of Dr. Vickers's opinion. *See supra* at 12-14. The

17    Court will uphold the ALJ's findings when a claimant attempts to restate the

18    argument that the residual functional capacity finding did not account for all

19    limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

20    //

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17**

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 21,** is **GRANTED.**

3.  The District Court Executive is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 24th day of February, 2017.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18**